THOMPSON HINE LLP
Rebecca Brazzano (#025412003)
335 Madison Avenue, 12th Floor
New York, New York 10017
212.908.3941 (Office)
212.344.6101 (Fax)
Rebecca.Brazzano@ThompsonHine.com

*Attorneys for Plaintiffs Meda Pharma S.a.r.l. and
Meda Pharmaceuticals Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY, TRENTON DIVISION**

| | |
|---|---|
| MEDA PHARMA S.A.R.L, a Luxembourg limited liability company, and MEDA PHARMACEUTICALS INC., a Delaware corporation, <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>METHOD PHARMACEUTICALS, LLC, a Texas limited liability company, <br><br>　　　　　Defendant. | Civil Action File No.: <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

Meda Pharma S.a.r.l and Meda Pharmaceuticals Inc. ("Plaintiffs") by and through their undersigned attorneys, Thompson Hine LLP, as and for their Complaint against Method Pharmaceuticals, LLC ("Defendant"), hereby allege as follows:

**NATURE OF THE ACTION**

1.     This is an action for Federal Trademark Infringement under § 32(1) of the Lanham Act (15 U.S.C. § 1114(1)), Federal Unfair Competition and False Designation of Origin under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), Trademark Infringement and Unfair

1

Competition under the Common Law of New Jersey, and Unfair and Deceptive Trade Practices under N.J.S.A. § 56:8-2.

## JURISDICTION

2. The Court has subject matter jurisdiction over all causes of actions set forth herein based upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and pursuant to the supplemental jurisdiction of the Court under 28 U.S.C. § 1367.

3. The Court has personal jurisdiction over Defendant for at least the following reasons: (a) Defendant has committed the unlawful acts complained of herein in the State of New Jersey and this Judicial District; and (b) Defendant regularly and continuously does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products marketed and sold in the State of New Jersey and this Judicial District, including the products forming the subject of the unlawful acts complained of herein.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

5. Plaintiff Meda Pharma S.a.r.l is a Luxembourg limited liability company with a principal place of business at 43 Avenue John Fitzgerald Kennedy, Luxembourg, Luxembourg L-1855.  Plaintiff Meda Pharma S.a.r.l is a specialty pharmaceutical company.

6. Plaintiff Meda Pharmaceuticals Inc. is a Delaware corporation with a principal place of business at 265 Davidson Avenue, Somerset, New Jersey 08873.  Plaintiff Meda Pharmaceuticals Inc. is a specialty pharmaceutical company.

7. Defendant Method Pharmaceuticals, LLC is a Texas limited liability company with a principal place of business at 2000 East Lamar Boulevard, Suite 600, Arlington, Texas 76006.  Defendant Method Pharmaceuticals, LLC is a specialty pharmaceutical company.

## THE CONTROVERSY

### The URELLE Trademark

8. Plaintiffs develop, manufacture, market and sell a broad spectrum of prescription and non-prescription pharmaceutical products, including a urinary antiseptic product branded under the trademark URELLE (the "URELLE Product").

9. The URELLE Product is indicated for the treatment of symptoms of irritative voiding, the relief of local symptoms (such as inflammation, hypermotility, and pain) which accompany lower urinary tract infections, and the relief of urinary tract symptoms caused by diagnostic procedures. The URELLE Product is provided as a tablet for oral administration, with each tablet containing Hyoscyamine Sulfate (0.12 mg), Methenamine (81.0 mg), Methylene Blue (10.8 mg), Phenyl Salicylate (32.4 mg), and Sodium Phosphate Monobasic (40.8 mg).

10. The URELLE trademark enjoys significant federal and common law trademark rights and protection.

11. Specifically, the URELLE trademark is a fanciful or coined mark – it is an invented word that has no meaning, and is not found even in approximation in the English language or any other familiar language. Therefore, the URELLE trademark is exceedingly strong and inherently distinctive.

12. Moreover, since at least as early as June 21, 2002, the URELLE trademark has been and remains the subject of widespread, extensive and continuous use, advertising and promotion, in interstate commerce, on or in connection with the URELLE Product.

13. Additionally, the URELLE trademark is the subject of U.S. Registration No. 3,806,629, registered June 22, 2010, for a "therapeutic pharmaceutical for the treatment of urinary tract infections" in Class 005. U.S. Registration No. 3,806,629 is owned by Meda

Pharma S.a.r.l and used by Plaintiffs on and in connection with the URELLE Product. U.S. Registration No. 3,806,629 was duly and legally issued, is valid and subsisting, and is incontestable pursuant to 15 U.S.C. § 1065 (a true and accurate copy of the Certificate of Registration therefor is attached hereto as Exhibit A).

14.     In summary, the URELLE trademark, together with the immense goodwill associated therewith, is of inestimable value to Plaintiffs.

### Defendant's Unlawful Acts

15.     Defendant develops, manufactures, markets and sells prescription and non-prescription pharmaceutical products, including a urinary antiseptic product branded under the trademark URO-L (the "URO-L product").

16.     The URO-L product is identical or highly similar to the URELLE Product. Like the URELLE Product, the URO-L Product is indicated for the treatment of symptoms of irritative voiding, the relief of local symptoms (such as inflammation, hypermotility, and pain) which accompany lower urinary tract infections, and the relief of urinary tract symptoms caused by diagnostic procedures. Additionally, like the URELLE Product, the URO-L Product is provided as a tablet for oral administration, with each tablet containing (according to the URO-L Product label) Hyoscyamine Sulfate (0.12 mg), Methenamine (81.0 mg), Methylene Blue (10.8 mg), Phenyl Salicylate (32.4 mg), and Sodium Phosphate Monobasic (40.8 mg).

17.     Moreover, the URO-L Product is marketed and sold through the same channels of trade and distribution and to the same class(es) of purchasers as those of the URELLE Product. In short, the URO-L Product directly competes with the URELLE Product, and Defendant is undoubtedly well aware of this fact.

18. Out of an entire universe of trademarks from which to choose, Defendant chose the trademark URO-L, which is confusingly similar to the URELLE trademark used by Plaintiffs. Indeed, there is no reason whatsoever why Defendant should have selected a mark which bears so much resemblance to Plaintiffs' mark, and to do so raises but one inference -- that of Defendant's intent to trade upon and gain advantage from the goodwill established by Plaintiffs in the URELLE Product and trademark.

19. The similarity of the URELLE and URO-L marks is apparent. Both words begin with the same letters ("UR") and end with phonetically equivalent letters ("ELLE" and "L"). The letter "O" in the URO-L mark is of no moment, and is lost when the marks are spoken. The URO-L mark is phonetically equivalent to the URELLE mark. Moreover, there is no apparent difference in meaning between the marks that might otherwise distinguish one from the other, thus amplifying the similarity of the marks.

20. Given the similarity of the marks, the directly competing products branded thereunder, and the inescapable reality that Defendant knew of Plaintiffs' prior use of the URELLE trademark, Defendant's adoption and use of the URO-L trademark for its competing product is at least reckless, and at worst a deliberate appropriation of the goodwill Plaintiffs have generated in and to the URELLE Product and trademark.

21. Promptly upon discovering Defendant's use of the infringing and confusingly similar URO-L trademark, Plaintiffs dispatched a demand letter (attached hereto, as Exhibit B) to Defendant on October 28, 2015, in which Plaintiffs requested that Defendant immediately cease and desist from any and all further use of the confusingly similar URO-L trademark; however, Plaintiffs received no response from Defendant thereto. Instead, undeterred, Defendant continued its willful and intentional infringement of Plaintiffs' URELLE trademark.

22. Defendant's URO-L trademark so resembles Plaintiffs' URELLE trademark, as to be likely, when used on or in connection with Defendant's product, to cause confusion, mistake, or deception, among the relevant purchasing public -- especially so, given that the Parties' respective goods are directly competing and are marketed and sold through the same channels of trade and distribution and to the same class(es) of purchasers.

23. Defendant's URO-L trademark is confusingly similar to Plaintiffs' URELLE mark, and has caused and will continue to cause a likelihood of confusion, mistake, or deception by creating the false and misleading impression that Defendant's URO-L Product originates with or is manufactured or distributed by Plaintiffs, or is affiliated, associated or connected with Plaintiffs, or has the sponsorship, endorsement or approval of Plaintiffs.

24. Defendant's use of the infringing and confusingly similar URO-L trademark enables Defendant to trade on, and receive the benefit of, the immense goodwill associated with Plaintiffs' URELLE trademark, and which goodwill has been developed through great labor and continuing substantial expense to Plaintiffs. Defendant's illicit use enables it to gain acceptance for its own product and to unlawfully and unfairly profit therefrom, thereby resulting in monetary and other material damage to Plaintiffs.

25. Defendant's use of the infringing and confusingly similar URO-L trademark deprives Plaintiffs of the ability to control the nature and quality of products provided under the offending URO-L trademark, and thus places the valuable reputation and goodwill of the URELLE trademark in the hands of Defendant, over whom Plaintiffs have no control.

26. Defendant's use of the confusingly similar URO-L trademark is without the consent, sponsorship or authorization of, or authorized affiliation with, Plaintiffs.

27. Defendant has marketed, sold and distributed its URO-L Product through

interstate commerce, including within this Judicial District, and has done so with actual and constructive knowledge of Plaintiffs' senior or prior use of the URELLE trademark.

28. As a result of Defendant's unlawful conduct, Plaintiffs have been or are likely to be injured by direct diversion of sales away from Plaintiffs and to Defendant, or by a lessening of the goodwill associated with the URELLE trademark.

29. As a result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer damage to their business, reputation, and immense goodwill attendant to the URELLE trademark.

30. Defendant's unlawful conduct has caused Plaintiffs irreparable harm, and such conduct will continue to cause irreparable harm to Plaintiffs unless enjoined by the Court.

31. Defendant's unlawful conduct has caused Plaintiffs monetary harm, and other damages in an amount to be proven at trial.

32. Defendant's unlawful conduct is intentional, malicious, willful, and wanton. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117.

### COUNT I
### Federal Trademark Infringement
### Under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

33. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1-32, hereof.

34. This cause of action arises under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

35. Defendant's URO-L trademark so resembles Plaintiffs' federally registered URELLE trademark as to be likely, when used on or in connection with Defendant's pharmaceutical product, to cause confusion, mistake or deception among the relevant purchasing public.

36. Defendant's URO-L trademark is confusingly similar to Plaintiffs' federally registered URELLE trademark, and has caused and will continue to cause a likelihood of confusion, mistake, or deception by creating the false and misleading impression that Defendant's URO-L Product originates with or is manufactured or distributed by Plaintiffs, or is affiliated, associated or connected with Plaintiffs, or has the sponsorship, endorsement or approval of Plaintiffs, all in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

37. Defendant's use of the confusingly similar URO-L trademark, unless enjoined by the Court, will continue to cause a likelihood of confusion and deception of members of the public, and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by Plaintiffs' federally registered URELLE trademark, all in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for which Plaintiffs have no adequate remedy at law.

38. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' federally registered URELLE trademark, to Plaintiffs' great and irreparable injury.

39. Defendant has caused and will continue to cause substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II
### Federal Unfair Competition and False Designation of Origin
### Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

40. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1-39, hereof.

41. This cause of action arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Defendant's use of the URO-L trademark has caused and will continue to cause a likelihood of confusion, mistake, or deception by creating the false and misleading impression that Defendant's URO-L Product originates with or is manufactured or distributed by Plaintiffs, or is affiliated, associated or connected with Plaintiffs, or has the sponsorship, endorsement or approval of Plaintiffs, all in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendant's use of the confusingly similar URO-L trademark, unless enjoined by the Court, will continue to cause a likelihood of confusion and deception of members of the public, and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by Plaintiffs' URELLE trademark, all in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for which Plaintiffs have no adequate remedy at law.

44. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' URELLE trademark, to the great and irreparable injury of Plaintiffs.

45. Defendant has caused and will continue to cause substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116, 1117, and 1125(a).

## COUNT III
### Trademark Infringement and Unfair Competition
### Under the Common Law of New Jersey

46. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1-45, hereof.

47. Defendant's acts constitute trademark infringement and unfair competition under the common law of New Jersey, and have caused and will continue to cause a likelihood of

confusion to the irreparable injury of Plaintiffs unless restrained by the Court, and for which injury Plaintiffs have no adequate remedy at law.

48. Defendant acted and continues to act with full knowledge of Plaintiffs' prior use of and prior rights to the URELLE trademark without regard to the likelihood of confusion of the public created by Defendant's activities.

49. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' URELLE trademark, to the great and irreparable injury of Plaintiffs.

50. Because of Defendant's acts, Plaintiffs have been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiffs are entitled to injunctive relief, an accounting of Defendant's profits, damages, and costs. Plaintiffs are further entitled to punitive damages in view of Defendant's willful, intentional, and malicious use of the URO-L trademarks, done with specific intent to cause harm to Plaintiffs, with such punitive damages in an amount sufficient to deter Defendant from similar conduct in the future.

## COUNT IV
## Unfair and Deceptive Trade Practices
## Under N.J.S.A. § 56:8-2

51. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1-50, hereof.

52. This cause of action arises under the N.J.S.A. 56:8-2.

53. By reason of Defendant's acts as set forth above, Defendant has been and is engaged in unfair and deceptive practices or acts in the conduct of a business, trade or commerce in violation of N.J.S.A. § 56:8-2.

54. Defendant's use of the URO-L trademark has caused and will continue to cause

deception by creating the false and misleading impression that Defendant's URO-L Product originates with or is manufactured or distributed by Plaintiffs, or is affiliated, associated or connected with Plaintiffs, or has the sponsorship, endorsement or approval of Plaintiffs.

55.     As a result of Defendant's unfair and deceptive trade practices or acts, the public has been or is likely to be injured or damaged, and Plaintiffs have been injured and damaged, and, unless Defendant is enjoined by the Court, the public will remain susceptible to such injury and damage and Plaintiffs will continue to suffer such injury and damage.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that:

1.      Defendant and all of its officers, members, directors, employees, agents, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, be enjoined permanently, from, directly or indirectly:

(a)     using the URELLE trademark, or any other copy, reproduction, or colorable imitation, or confusingly similar version of the same, including the URO-L trademark, on or in connection with Defendant's goods;

(b)     using any trademark, service mark, trade dress, name, logo, design, or source designation of any kind, including the URO-L trademark, on or in connection with Defendant's goods or services, that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks, service marks, trade dresses, names, or logos of Plaintiffs, including Plaintiffs' URELLE trademark; and,

(c)     using any trademark, service mark, trade dress, name, logo, design, or source designation of any kind, including the URO-L trademark,  on or in connection

11

with Defendant's goods, that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by Plaintiffs, or are sponsored or authorized by Plaintiffs, or are in any way connected or related to Plaintiffs.

2. Defendant be ordered to deliver up for impoundment and for destruction all products, samples, boxes, labels, inserts, packaging, signs, forms, receptacles, advertising, promotional material, printed materials, or other materials in the possession, custody, or under the control of Defendant that bear the infringing and confusingly similar URO-L trademark, or that are found to adopt or infringe Plaintiffs' URELLE trademark, or that otherwise unfairly compete with Plaintiffs and their products and services.

3. Defendant be compelled to account for and pay to Plaintiffs all profits and other monies wrongfully derived by Defendant through its unlawful acts as pled hereinabove, together with legal interest from the date of accrual thereof.

4. Defendant be required to pay to Plaintiffs all damages and costs Plaintiffs have suffered by reason of Defendant's unlawful acts as pled hereinabove, together with legal interest from the date of accrual thereof.

5. Plaintiffs be awarded enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, based on Defendant's willful and intentional conduct as pled hereinabove.

6. Defendant be required to pay to Plaintiffs punitive damages in an amount to be determined by the Court for Defendant's willful and intentional conduct as pled hereinabove.

7. Plaintiffs be awarded interest and prejudgment interest.

8. Plaintiffs have such other and further relief as the Court may deem just and equitable.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

Respectfully submitted this 5th day of April, 2016.

/s/   Rebecca Brazzano
Rebecca Brazzano (#025412003)
**Thompson Hine LLP**
335 Madison Avenue
12th Floor
New York, New York 10017
212.908.3941 (Office)
212.344.6101 (Fax)
Rebecca.Brazzano@ThompsonHine.com

Ashish D. Patel (GA Bar No. 565894)*
Carrie A. Shufflebarger (OH Bar No. 81141)*
J. Christopher Fox, II (GA Bar No. 272527)*
**Thompson Hine LLP**
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
404.541.2900 (Office)
404.541.2905 (Fax)
Ash.Patel@ThompsonHine.com
Carrie.Shufflebarger@ThompsonHine.com
Chris.Fox@ThompsonHine.com

*Attorneys for Plaintiffs*

*Applications for *Pro Hac Vice* forthcoming